IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-537-BO

| | | |
|---|---|---|
| ADRIENNE EVANS-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on January 13, 2021 via videoconference. For the reasons that follow, plaintiff's motion is granted and this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on July 13, 2016 and has alleged an amended onset date of January 1, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to

determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the ALJ determined that plaintiff met the insured status requirements through June 30, 2016, and that she had not engaged in substantial gainful activity since her amended alleged onset date. The ALJ found plaintiff's hypertension, diabetes mellitus, peripheral neuropathy, bilateral cataracts, depressive disorder, anxiety disorder, panic disorder, personality disorder, and posttraumatic stress disorder were severe impairments at step two, but determined at step three that plaintiff did not have an impairment or combination of impairments which met or medically equaled a disability listing. The ALJ found plaintiff to have an RFC of a reduced range of light work with limitations. The ALJ found that at step four plaintiff could not return to her past relevant work as a hospital insurance clerk, medical schedular, medical secretary, and admitting officer, but that at step five, in light of plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

The Court finds that remand for the ALJ to properly evaluate the opinion evidence in the record is necessary. An ALJ makes an RFC assessment based on all of the relevant medical and

3

other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* Here, the ALJ's RFC assessment was not supported by substantial evidence, particularly as to plaintiff's cane usage. Despite plaintiff's testimony that she used a cane for years, the ALJ did not include her cane usage in the RFC.

The record in the present case shows that plaintiff has experienced issues engaging in the activities of daily living, such as basic walking, due to her diabetic neuropathy and lower extremity swelling. Plaintiff's endocrinologist at the University of North Carolina Hospitals noted in May 2016 that plaintiff was suffering from neuropathic pains in her feet and legs that caused tingling, aching, and stabbing pains and affected her ability to walk. At a follow-up the next month and in August 2016, plaintiff was noted as having uncontrolled diabetic peripheral neuropathy in her feet, despite the medication she was on. Plaintiff used a cane at her July 2016 appointment. Therefore, the medical evidence shows that plaintiff experienced difficulties ambulating and performing activities of daily living and was reported using a cane prior to September 17, 2016. In fact, the doctor at that appointment noted her cane usage under the functional assessment section in his report.

The ALJ's failure to include her cane usage in plaintiff's RFC was clear error. This case must be remanded for the ALJ to determine when plaintiff first needed to use a cane to ambulate, and, in light of this determination, when the onset date and the appropriate date of benefits were.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED and defendant's motion for judgment on the pleadings [DE 24] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this 31 day of January, 2021.

                                                  TERRENCE W. BOYLE
                                                  UNITED STATES DISTRICT JUDGE

5