IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-537-BO

| | | |
|---|---|---|
| ADRIENNE EVANS-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to alter judgment and plaintiff's motion to withdraw the consent motion for attorney fees. For the reasons that follow, defendant's motion is denied and plaintiff's motion is granted.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on July 13, 2016 and has alleged an amended onset date of January 1, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court. On January 13, 2021, via videoconference, the Court held a hearing on the parties' cross-motions for judgment on the pleadings. On February 1, 2021, the Court granted plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings, and remanded the case for further proceedings consistent with the opinion.

## DISCUSSION

*Motion to Alter*

Rule 59(e) permits a court to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to amend or alter a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for the availability of new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Therefore, to successfully persuade this Court to alter or amend the judgment, defendant must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

Here, defendant alleges that that this Court committed a clear error of law in holding that the ALJ's failure to include plaintiff's cane usage in the residual functional capacity (RFC) finding was clear error and remanding the case for a determination of when plaintiff first needed to use a cane. Defendant argues that, even if plaintiff required use of a case, a finding of disability is not a legally-required conclusion. Defendant instead requests that the Court amend its order and judgment and affirm the ALJ's step-five finding.

However, defendant only mentions part of the Court's opinion. Defendant does not mention the Court's finding that the plaintiff experienced "issues engaging in the activities of daily living, such as basic walking, due to her diabetic neuropathy and lower extremity swelling," nor its ultimate conclusion that "the medical evidence shows that plaintiff experienced difficulties ambulating and performing activities of daily living" in addition to needing a cane.

2

Furthermore, remanding the case for a determination of when plaintiff first needed to use a cane would not "serve no purpose," as defendant suggests in its motion. The Vocational Expert (VE) in the case testified that if plaintiff required a cane for ambulation and was limited to sedentary, as opposed to light, standing and walking, when combined with her visual limitations in the RFC, the ALJ must find plaintiff disabled because there would be no jobs to accommodate these limitations. *See* DE 12, pp. 83–84. Therefore, reopening the record for more evidence in this case could significantly change the ultimate outcome.

*Motion to Withdraw*

On February 19, 2021, plaintiff filed a consent motion asking the Court to allow plaintiff $7,300.000 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On February 23, 2021, plaintiff filed a motion to withdraw her motion for attorney's fees under the EAJA because, after the parties had stipulated and filed the consent motion for fees, defendant filed a motion to alter judgment. Plaintiff reserved the right to refile EAJA fees after defendant's motion has been resolved. For good cause shown, the Court grants plaintiff's motion to withdraw the petition for fees under the EAJA.

## CONCLUSION

Accordingly, defendant's motion to alter judgment [DE 37] is DENIED. Plaintiff's motion to withdraw its consent motion for attorney's fees under EAJA [DE 40] is GRANTED, and the consent motion for attorney's fees under EAJA [DE 36] is WITHDRAWN.

3

SO ORDERED, this ⟋⟍ day of March, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4